FILED Rec'd 3/11/14
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 03 2014 ★
BROOKLYN OFFICE

------------------------------------------------------------X

PASAN WITHARANA,

                            Plaintiff,

    -against-

Dorothy HUGH and QUEENS LAW
ASSOCIATES P.C.,

                          Defendants.

------------------------------------------------------------X

**MEMORANDUM & ORDER**

13-CV-4480 (ENV) (MDG)

------------------------------------------------------------X

PASAN WITHARANA,

                            Plaintiff,

    -against-

PEOPLE OF NEW YORK (Queens District
Attorney); Hugh DORSEY (Queens District
Attorney Detective); Leah WEINZIMER; Judge
T. SERITA,

                          Defendants.

------------------------------------------------------------X

13-CV-4481 (ENV) (MDG)

------------------------------------------------------------X

PASAN WITHARANA,

                            Plaintiff,

    -against-

Eugene GUORINO (Court Attorney/Legal Dep't,
Queens Criminal Court); CHIEF CLERK
(Queens Criminal Court); Judge Deborah
STEVENS-MODICA; Judge Fernando
CAMACHO,

                          Defendants.

------------------------------------------------------------X

13-CV-4482 (ENV) (MDG)

VITALIANO, D.J.,

On August 6, 2013, plaintiff Pasan Witharana, appearing pro se, filed three actions, which are consolidated for purposes of this Order. The Court grants plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, but dismisses all three actions for the reasons stated below.

## Background

In his first action, Witharana v. Hugh and Queens Law Assoc., No. 13-CV-4480 ("Complaint #1"), plaintiff alleges that his court-appointed attorney, Dorothy Hugh, and her law firm, Queens Law Associates P.C., failed to adequately represent him in a state criminal case. He seeks $800 million in damages from Hugh and $500 million in damages from her firm. In his second action, Witharana v. People of New York, et al., No. 13-CV-4481 ("Complaint #2"), plaintiff alleges that defendants violated his rights when they failed to re-open his state criminal case prosecuted under Queen's County Indictment No. 2012QN021504. The charges in that case were dismissed on January 15, 2013. See Complaint #2, Unmarked Exhibit, Certificate of Disposition No. 225353, Docket No. 2012QN021504. Plaintiff seeks to appeal the dismissal of his state criminal case, or, alternatively, he requests a trial. In his third action, Witharana v. Guorino, et al., No. 13-CV-4482 ("Complaint #3"), plaintiff alleges that defendants violated his rights in failing to adequately consider, and in denying, his motion to re-open his state

criminal case. He seeks damages in the amount of $500 million from each defendant. Plaintiff also requests the appointment of pro bono counsel in all three cases.

## Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action sua sponte where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To withstand preliminary scrutiny, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). Moreover, it is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys; the Court is required to read pro se complaints liberally and interpret them as raising the strongest arguments they suggest. See Erickson v. Pardus, 551 U.S. 89 (2007); Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 191–93 (2d Cir. 2008).

## Discussion

A. Complaint #1

The Court liberally construes Witharana's claims as arising under 42 U.S.C. § 1983. To make out a cognizable § 1983 claim, the conduct complained of: (1) "must have been committed by a person acting under color of state law," and (2) "must have

3

deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999); Morris v. Katz, No. 11-CV-3556, 2011 WL 3918965, at *6 (E.D.N.Y. Sept. 4, 2011). Here, Hugh and Queens Law Associates are private parties, and, therefore, not state actors. Section 1983 is ordinarily inapplicable to them. See Diruscio v. Miller, No. 11-CV-1556, 2012 WL 1379630, at *3 (D. Conn. Apr. 19, 2012) (citing Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975) ("Attorneys and law firms in the private sector ordinarily do not act under color of state law and thus are not subject to suit under § 1983."); see also Polk County v. Dodson, 454 U.S. 312, 325 (1981) (A "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.")

Private individuals who are not state actors may nonetheless be liable under § 1983 if they have conspired with or engaged in joint activity with state actors. See Filarsky v. Delia, 132 S. Ct. 1657, 1661–62 (2012); see also Abdullahi v. Pfizer, Inc., 562 F.3d 163, 188 (2d Cir. 2009) ("Under § 1983, state action may be found when there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.") (citation omitted). However, in order to state a § 1983 conspiracy claim against a private entity, a plaintiff must do more than plead in a conclusory fashion that the defendant

4

"conspired" with state actors. Ciambriello v. County of Nassau, 292 F.3d 307, 324 (2d Cir. 2002). Instead, plaintiffs must allege facts showing: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Pacicca v. Stead, 456 Fed. App'x. 9, 12 (2d Cir. 2011) (quoting Ciambriello, 292 F.3d at 324–25); see also Faison v. Maccarone, No. 11-CV-0137, 2012 WL 681812, at *5 (E.D.N.Y. Mar. 1, 2012). Fairly reviewed, Witharana's complaint fails to allege facts demonstrating that Hugh or her firm acted in concert with a state actor to commit an unconstitutional act. This action must, therefore, be dismissed for failure to state a claim upon which relief may be granted.[1] Indeed, the suggestion, based on what he does allege, that a § 1983 action could lie against the defendants is frivolous. Section 1915(a) demands dismissal.

B. Complaints #2 and #3

Plaintiff principally seeks an order from this Court permitting him to appeal or re-litigate his state court criminal case, which was dismissed on January 15, 2013. See Complaint #2, Unmarked Exhibit, Certificate of Disposition No. 225353, Docket No. 2012QN021504. However, the Court has no authority to intervene in state criminal court matters for the reasons Witharana advances, and, therefore, cannot grant the

---

[1] To the extent plaintiff seeks to bring an action for legal malpractice against these defendants, the Court declines to exercise supplemental jurisdiction over those state law claims. See Carver v. Nassau Cnty. Interim Fin. Auth., 730 F.3d 150, 153–54 (2d Cir. 2013). He is free, of course, to consider a direct filing of such a claim in an appropriate state court.

requested relief. To the extent Witharana seeks to file a petition for a writ of habeas corpus, that remedy is unavailable since he is not currently in custody pursuant to a state court judgment. See 28 U.S.C. § 2254. Accordingly, plaintiff's claims requesting the re-opening of his state court criminal case are dismissed.

Moreover, plaintiff cannot obtain money damages from defendants Stevens-Modica or Camacho, as judges have absolute immunity from suit for judicial acts performed in their judicial capacities. Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009); see also Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam). Thus, his claims with respect to those defendants must be dismissed as well.

Witharana is also barred from seeking damages from the Chief Clerk of the Queens Criminal Court and Eugene Guorino, Court Attorney for the Queens Criminal Court. In the performance of ministerial, nonjudicial duties, a court clerk is entitled to qualified, good faith immunity. Kane v. Han, 550 F. Supp. 120, 122–23 (E.D.N.Y. 1982); Gutierrez v. Vergari, 499 F. Supp. 1040, 1047 n. 5 (S.D.N.Y. 1980). As a result, "clerks are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Isasi v. Heinemann, No. 08-CV-5284, 2009 WL 159601, at *2 (E.D.N.Y. Jan. 22, 2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)) (internal quotation marks omitted). Likewise, other "persons acting in support of a court's judicial functions" such as "a court attorney" are also protected

by the doctrine qualified immunity. Spillman v. Cully, No. 08-CV-0008M, 2008 WL 4960456, at *2 (W.D.N.Y. Nov. 19, 2008); see also Chestnut v. Gabler, No. 06-CV-534E(F), 2007 WL 529556, at *2 n. 1 (W.D.N.Y. Feb. 13, 2007). Since Witharana fails to plead facts sufficient to show that the actions of Guorino or the Chief Clerk "violate[d] clearly established statutory or constitutional rights," his claims as to those defendants are dismissed as well. Harlow, 457 U.S. at 818.[2]

Finally, to the extent plaintiff attempts to bring § 1983 claims against defendants Queens District Attorney, Dorsey, Weinzimer and Serita, those claims are dismissed as identical to ones brought in a related action filed by plaintiff and currently pending before this Court in Witharana v. People of New York et. al., No. 13-CV-3102.

## Conclusion

In accord with the foregoing, the three complaints, filed in forma pauperis, are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim, and plaintiff's corresponding applications for appointed counsel are denied. Any state law claims are dismissed without prejudice.

Plaintiff is warned that the continued filing of frivolous new actions that fail to state a claim under federal law will not be tolerated. The district courts "have the power and obligation to protect the public and the efficient administration of justice

---

[2] Additionally, some or all of the individual defendants are employees of the New York State Unified Court System who are sued for acts or omissions allegedly done in their official capacities. Such suits for damages in this Court are barred by the Eleventh Amendment.

from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (citations omitted); Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) (district court may enjoin parties from filing further lawsuits upon notice and an opportunity to be heard); see also Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005); 28 U.S.C. § 1651(a). Plaintiff is hereby warned that if he continues his current conduct he may be subject to a filing injunction or the imposition of monetary sanctions upon notice and opportunity to be heard.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

So Ordered.

Dated: Brooklyn, New York
March 3, 2014

/S/ Judge Eric N. Vitaliano
_____
ERIC N. VITALIANO
United States District Judge